1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

STEVEN A. MENDEZ,                    ) Case No. CV 16-8253-JPR
                                     )
            Petitioner,              )
                                     )
        v.                           ) MEMORANDUM DECISION AND ORDER
                                     ) GRANTING RESPONDENT'S MOTION TO
                                     ) DISMISS AND DISMISSING PETITION
PEOPLE OF THE STATE OF               ) FOR WRIT OF HABEAS CORPUS WITHOUT
CALIFORNIA,                          ) PREJUDICE
                                     )
            Respondent.        )
_____ )

    On November 4, 2016, Petitioner filed a Petition for Writ of
Habeas Corpus by a Person in State Custody, raising two claims.
Petitioner consented to having the assigned U.S. Magistrate Judge
conduct all further proceedings in his case, including entering
final judgment.  On December 8, 2016, Respondent filed a motion
to dismiss the Petition as fully unexhausted; he also consented
to proceed before the Magistrate Judge.  On January 13, 2017,
after Petitioner failed to timely respond to the motion, the
Court ordered Respondent to re-serve it on him at what appeared
to be his new place of incarceration and sua sponte extended the
time for Petitioner to oppose the motion.  Still, he failed to

1

1  file opposition or respond in any way.

2       The Petition is, as Respondent argues, fully unexhausted.

3  Petitioner apparently pleaded guilty to second-degree robbery in

4  July 2016.  (Pet. at 2.)  Although the Petition indicates that

5  Petitioner did not appeal (id.), he apparently attempted to do

6  so, but the appeal was dismissed on December 20, 2016, because it

7  was untimely and Petitioner had not obtained a certificate of

8  probable cause.  See Cal. App. Cts. Case Info., http://

9  appellatecases.courtinfo.ca.gov/search/case/

10  dockets.cfm?dist=2&doc_id=2171119&doc_no=B279243 (last visited

11  Feb. 21, 2017).  He also has never filed any sort of petition in

12  the state supreme court.  Id. (search in supreme-court database

13  under Petitioner's name).  Accordingly, the Petition's two claims

14  are necessarily unexhausted.  See Greene v. Lambert, 288 F.3d

15  1081, 1086 (9th Cir. 2002) (to exhaust habeas claim, petitioner

16  must fairly present it to state's highest court).  Fully

17  unexhausted habeas petitions should be dismissed unless the

18  petitioner obtains a stay under Rhines v. Weber, 544 U.S. 269

19  (2005).  See Mena v. Long, 813 F.3d 907, 908, 910-11 (9th Cir.

20  2016).  Here, Respondent alerted Petitioner in his motion to

21  dismiss to Petitioner's need to obtain a Rhines stay (see Mot. at

22  4-5), but Petitioner never requested one.  Accordingly, the

23  Petition must be dismissed without prejudice.[1]  Should Petitioner

24

25       [1] In ground one of the Petition, Petitioner asserts that he

26  was on suicide watch at the time of his guilty plea because he

had "over dosed the night before"; he also alleges that he has a

27  "history of mental illness at the E.O.P. level of care."  (Pet.

at 5.)  Petitioner has presented no evidence to support these

28                                              (continued...)

2

subsequently exhaust his claims in state court, he may file another federal habeas petition.[2]  The Court takes no position on whether any such petition would be timely.

**ORDER**

IT IS ORDERED that Judgment be entered dismissing the Petition without prejudice.

DATED: February 21, 2017

*Jean Rosenbluth*

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE

---

[1] (...continued) allegations, however.  See Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005) (holding that "substantial evidence" of debilitating mental illness must be presented to warrant competency evaluation); Haworth v. Montgomery, 517 F. App'x 577, 578 (9th Cir. 2013) (affirming district court's dismissal of pro se civil complaint without holding competency hearing under Allen even though plaintiff submitted "documents demonstrating that she suffered from severe depression and recurring suicidal ideations").  E.O.P. is the lowest level of care for prisoners who are being treated for mental illness outside the general prison population.  See Coleman v. Brown, 28 F. Supp. 3d 1068, 1074-75 (E.D. Cal. 2014).  Petitioner's ability to file this habeas Petition as well as one in Los Angeles County Superior Court in September 2016 (see Pet. at 3) suggests that he is and has been capable of exhausting his claims and responding to the motion to dismiss but has simply chosen not to do so.  See Dowdy v. Curry, 617 F. App'x 772, 773 (9th Cir. 2015) (rejecting petitioner's argument that "mental illness prevented him from" timely seeking habeas relief in light of his active filings in state and federal court during relevant period), cert. denied, 136 S. Ct. 1199 (2016).

[2] Any new petition should name as the respondent the warden of the facility where Petitioner is then incarcerated.  See Fed. R. Civ. P. 25(d).